## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

GLENN MCCORY,

Plaintiff,

v.

VILLAGE OF HOMEWOOD and
HOMEWOOD POLICE
DEPARTMENT,

Defendants.

Case No. 25-cv-04428

Judge Mary M. Rowland

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Village of Homewood and the Homewood Police Department's (collectively "Defendants") Motion to Dismiss Plaintiff Glenn McCory's ("Plaintiff" or "McCory") Amended Complaint under Rules 12(b)(1) and 12(b)(6). For the reasons stated herein, Defendants' motion [19][20] is granted.

### I.    Background

The following factual allegations taken from the operative complaint [15] are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

In December 2022, Plaintiff Glenn McCory was convicted on state criminal charges for the offense of operating a motor vehicle while under the influence of alcohol or drugs in Schererville, Indiana. [15] at 4. As a consequence of this conviction, the Illinois Secretary of State revoked McCrory's driver's license. *Id.* at 21. But Indiana state court granted Plaintiff a trial *de novo* on April 20, 2023 after which all

1

charges against Plaintiff were dismissed on April 24, 2025. *Id.*; *see also id.* at 14–16. The original guilty verdict was never stayed by the Indiana court, and the Illinois Secretary of State did not accept a court order abstract. *Id.* at 7. Accordingly, McCory's Illinois driver's license was not reinstated. *Id.* As of the date April 17, 2025, McCory's Illinois driver's license still was not reinstated. *Id.* McCory could not pass a background check for employment because he did not have a driver's license. *Id.* at 7.

On May 7, 2024, officers from the Homewood Police Department ran McCory's license plate using "license plate reader technology" and pulled over Plaintiff who was driving east bound on 183rd Street at Cowing Court in Homewood, Illinois. [15] at 2, 4. The Homewood Police arrested Plaintiff and charged him with driving on a revoked driver's license, expired registration, and driving without valid insurance.[1] *Id.* at 3. Plaintiff's car was impounded. *Id.* Plaintiff contends Defendants knowingly seized his vehicle without due process and are holding the vehicle "for ransom" to create revenue for the Village of Homewood as they are seeking $4,000 for the release of the vehicle. *Id.* at 9.

Plaintiff McCory brought claims against Defendants Village of Homewood and the Homewood Police Department for seizure of his vehicle in violation of the Fifth Amendment takings clause and the Fourteenth Amendment due process clause. [15] at 4. Additionally, McCory alleges Defendants arrested or seized him without probable cause to believe he had committed, was committing or was about to commit

---

[1] These charges were dismissed without prejudice on May 29, 2025. *See* [25] at 8–10 (noting charges were "stricken off with leave to reinstsate").

a crime; searched him or his property without a warrant and without reasonable cause; and conspired together to violate Plaintiff's civil rights. *Id.* at 2. Plaintiff also has claims pending against Defendant Xpert Towing, who has yet to respond to the complaint.[2] Before the Court now is Defendants Village of Homewood and the Homewood Police Department's motion to dismiss the complaint. [19] [20].

## II.   Standard

### A.  Rule 12(b)(1) Legal Standard

"In evaluating a challenge to subject matter jurisdiction, the court must first determine whether a factual or facial challenge has been raised." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). There are two types of standing challenges: "A facial challenge attacks standing on the pleadings, arguing that the plaintiff lacks standing even if the well-pleaded allegations in the complaint are taken as true. A factual challenge, by contrast, asserts that there is in fact no standing." *Flynn v. FCA U.S. LLC*, 39 F.4th 946, 952 (7th Cir. 2022) (citation omitted).

"[I]n evaluating whether a complaint adequately pleads the elements of standing, courts apply the same analysis used to review whether a complaint adequately states a claim: 'Courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.'" *Silha*, 807 F.3d at 173 (alterations accepted) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)). "[W]hen evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), a court should use *Twombly–Iqbal*'s 'plausibility' requirement, which

---

[2] Plaintiff also brought claims against the Illinois Secretary of State. See [15] at 3. The Court previously dismissed the Secretary of State on sovereign immunity grounds. [23] [35].

is the same standard used to evaluate facial challenges to claims under Rule 12(b)(6)." *Id.* at 174.

### B. Rule 12(b)(6) Legal Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is

"a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). In addition, the Court construes the *pro se* complaint liberally, holding it to a less stringent standard than lawyer-drafted pleadings. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

### III.  Analysis

The Court begins with Defendants' challenge to Plaintiff McCory's Article III standing to bring this suit against these parties.

#### A. Article III Standing

Defendants contend Plaintiffs have not alleged facts demonstrating that they have Article III standing. Here, Defendants raise no external facts to question the Court's jurisdiction, *see Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009), but instead contend Plaintiffs have not sufficiently pleaded facts to establish Article III standing. *See* [20] at 3–4. Thus, the Court treats Defendants' motion as a facial challenge, not a factual challenge. To establish Article III standing, a plaintiff must demonstrate that he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016); *Fox v. Dakkota Integrated Sys.*, LLC, 980 F.3d 1146,1151 (7th Cir. 2020).

Defendants contend Plaintiff failed to plead how his injuries are fairly traceable to the challenged conduct, and thus, cannot establish Article III standing. [753] at 10–14. Traceability examines the causal relationship between the allegedly

unlawful conduct and the asserted injury. *Taylor v. Salvation Army Nat'l Corp.*, 110 F.4th 1017, 1025 (7th Cir. 2024) (quoting *Allen v. Wright*, 468 U.S. 737, 753 n.19 (1984)). The threshold for adequately alleging traceability is not high. *Bennett v. Spear*, 520 U.S. 154, 171 (1997) (a plaintiff's burden on this element is "relatively modest at [the pleading] stage of litigation"). The defendant's conduct need not be the immediate cause, or even a proximate cause, of a plaintiff's injuries to satisfy the traceability element. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 134 n.6 (2014). But where the causal chain is "attenuated," traceability cannot be established. *Allen*, 468 U.S. at 757. In short, a plaintiff must show only a "meaningful [] connect[ion]" between the aggrieved injury and defendant's conduct. *Dep't of Ed. v. Brown*, 600 U.S. 551, 568 (2023).

Defendants argue Plaintiff sued the wrong parties because the issues underlying Plaintiff's claims arose from the Indiana state court's failure to enter a stay and inform the proper agencies that McCory's case was stayed. [20] at 4. Although Plaintiff alleges that Defendants acted on information provided by Indiana courts and the Indiana Bureau of Motor Vehicles, that does not erase Defendants' own alleged conduct. Here, Plaintiff contends Defendants caused his arrest and the seizure of his motor vehicle in violation of the Fifth and Fourteenth Amendments. Undoubtedly, these allegations read as a whole give rise to the inference that Defendants' alleged conduct—arresting Plaintiff and seizing his vehicle—are meaningfully connected to Plaintiff's claimed constitutional injuries and Plaintiff has standing to sue. *See, e.g.*, *Markadonatos v. Vill. of Woodridge*, 760 F.3d 545, 569 (7th

Cir. 2014) (dissent) ("Standing is . . . not a difficult hurdle to clear, especially for a plaintiff who asks for the return of his property taken by the government."). More is not needed at this stage of litigation.

This determination is consistent with the proceedings in Plaintiff McCory's similar case pending in this District. *See McCrory v. Village of Lynwood et al*, No. 1:25-cv-04426 (N.D. Ill. Apr. 23, 2025). After initially dismissing the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to sue the proper parties, the Court ultimately allowed that case to proceed against the village, police department, and towing company defendants named in that suit. *McCrory v. Village of Lynwood et al*, No. 1:25-cv-04426 (N.D. Ill. June 6, 2025), ECF No. 10.

## B. Sufficiency of the Allegations

Having concluded Plaintiff plausibly pleaded standing, the Court now turns to Defendants' Rule 12(b)(6) challenges. Defendants argue Plaintiff has failed to state a claim for violations of the Fourth, Fourteenth, and Fifth Amendments, and his complaint must be dismissed in its entirety. The Court addresses each argument in turn.

### i. Fourth Amendment

Plaintiff alleges Defendants arrested or seized him without probable cause, searched him or his property without a warrant and without reasonable cause, and conspired together to violate his Fourth Amendment rights. [15] at 2. The Fourth Amendment protects against unreasonable searches and seizures.[3] U.S. Const.

---

[3] The Fourth Amendment was made applicable against the States by the Fourteenth Amendment. *Mapp v. Ohio*, 367 U.S. 643, 655 (1961).

Amend. IV. The ultimate touchstone of the Fourth Amendment is "reasonableness." *Heien v. North Carolina*, 574 U.S. 54, 60 (2014) (citing *Riley v. California*, 573 U.S. 373, 382 (2014)). Defendants argue Plaintiff has not stated a claim for relief under the Fourth Amendment because Defendants legally arrested McCory and lawfully impounded Plaintiff's vehicle based on his lack of a valid driver's license, insurance, and registration. [20] at 5–7. The Court must individually assess McCrory's claims that he was unlawfully arrested, he was unlawfully searched, his car was unlawfully seized, and his car was unlawfully searched. *See United States v. Duguay*, 93 F.3d 346, 351 (7th Cir. 1996) ("the decision to impound (the 'seizure') is properly analyzed as distinct from the decision to inventory (the 'search')"). Ultimately, none of these alleged incidents state a claim for a Fourth Amendment violation.

As pleaded, neither the arrest nor search of McCrory violated the Fourth Amendment. Under Illinois law, no person shall operate a motor vehicle without a valid driver's license, 625 ILCS 5/6-101(a); liability insurance, 625 ILCS 5/7-601(a); or evidence of registration, 625 ILCS 5/3-701. A driver who operates a motor vehicle with a revoked or suspended license or without liability insurance is guilty of a misdemeanor. 625 ILCS 5/6-303(a) (driver's license); 625 ILCS 5/3-707(a-6) (insurance); 625 ILCS 5/3-702 (registration). Here, McCrory alleges the Illinois Secretary of State revoked his license on May 13, 2023 and his license remained revoked at the time of his arrest. [15] at 7, 21. Accordingly, the alleged facts give rise to an inference that the Homewood Police had probable cause after running McCrory's license plate to believe Plaintiff violated multiple Illinois statutes and to

8

arrest him. *See United States v. McPhaul*, 835 F.3d 687, 690 (7th Cir. 2016) (running license plates is a reasonable police practice to identify whether a car is registered to a driver with a suspended license). Indeed, McCrory contends he was arrested and charged with driving on a revoked driver's license with expired vehicle registration and no valid insurance. [15] at 5.

To the extent Plaintiff argues his arrest was unlawful because the underlying Indiana criminal charges ultimately were dismissed, that is unavailing. Whether probable cause existed is determined at the time of arrest, not in hindsight. *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009) ("A police officer has probable cause to arrest a person if, at the time of the arrest, the facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."). Illinois revoked McCrory's license on May 13, 2023, Homewood Police arrested him on May 7, 2024, and his Indiana criminal charges were dismissed on April 24, 2025. Thus, the pleaded facts support a reasonable inference that there was probable cause to support Plaintiff's arrest. Accordingly, McCrory cannot state a claim for a violation of the Fourth Amendment based on his arrest.

McCrory also alleges he was searched unlawfully. A search of a person incident to a lawful arrest is usually permissible without a warrant. *United States v. Robinson*, 414 U.S. 218, 235 (1973). Plaintiff claims a Homewood police officer "went into [his]

pockets and took out [his] car keys and wallet" upon arrest.[4] [25] at 1–2. Because the facts support a reasonable inference that the police officer had probable cause to believe Plaintiff violated multiple Illinois statutes and thus could lawfully arrest McCrory, the alleged search incident to the arrest was also permissible. Thus, the search of McCrory incident to arrest does not give rise to a claim for a violation of the Fourth Amendment.

McCrory's claims regarding the search and seizure of his motor vehicle fare no better. A decision to impound and a decision to conduct a search "are warranted in different (though frequently overlapping) circumstances." *Duguay*, 93 F.3d at 352 (citing *South Dakota v. Opperman*, 428 U.S. 364 (1976)). The "strictures of the Fourth Amendment" must be met by both the decision to take the car into custody and the concomitant inventory search. *Id.* The reasonableness of a search or seizure "within the meaning of the Fourth Amendment depends upon the facts and circumstances of each case." *Opperman*, 428 U.S. at 375; *see also Soldal v. Cook County*, 506 U.S. 56, 71 (1992) ("[t]he standard for whether a seizure survives constitutional scrutiny is reasonableness, not merely whether officers had a warrant").

The seizure of McCrory's vehicle did not violate the Fourth Amendment. Police may seize vehicles without a warrant if they have probable cause to believe the vehicle is subject to seizure. *Thompson v. Vill. of Monee*, 110 F. Supp. 3d 826, 842–43 (N.D. Ill. 2015) (citing *Florida v. White*, 526 U.S. 559, 561 (1999)). Under Illinois law,

---

[4] These facts are newly alleged in Plaintiff's response brief. As a general rule, pleadings may not be amended by a statement in a party's brief in opposition to a motion to dismiss. *Agnew v. Nat'l Collegiate Athletic Ass'n*, 683 F.3d 328, 348 (7th Cir. 2012). Nevertheless, the Court considers these alleged facts that do not change the outcome here.

a vehicle is subject to forfeiture if an individual drives with a revoked license and his license was revoked for driving while intoxicated. *See* 720 ILCS 5/36–1(a)(7) (providing for forfeiture of vehicles as described in § 6-303(g)); 625 ILCS 5/6 303(g)(1) (providing for forfeiture based on a § 6-303 violation where license was revoked under 625 ILCS 5/11-501, which is the provision for driving while under the influence of alcohol or drugs). Additionally, Illinois law further provides that the vehicle of any person who is driving with a revoked or suspended license and without liability insurance in violation of 625 ILCS § 5/6-303 and 625 ILCS 5/7-601(a) *shall* be immediately impounded by the arresting law enforcement officer. 625 ILCS § 5/6-303 (e).

As discussed above, Plaintiff pleads he was driving at the time of his arrest and the vehicle seizure with a license that was revoked due to his Indiana conviction for operating a vehicle under the influence of drug or alcohol. [15] at 21. Moreover, Plaintiff was driving without valid insurance. *Id.* at 5. Thus, the alleged facts support a reasonable inference that McCrory's vehicle was subject to forfeiture under Illinois law and the Homewood Police had probable cause to seize his vehicle without a warrant after running the plates. Accordingly, Plaintiff has not stated a claim for a Fourth Amendment violation based on the seizure of his vehicle.

Finally, Plaintiff does not plead any facts regarding a search of his car other than checking the box that his civil rights were violated through a search of "his property without a warrant and without reasonable cause." [15] at 2. These facts are insufficient to support a claim. To the extent Plaintiff's car was searched after seizure,

the law is clearly established such a search is permitted under the inventory exception to the warrant requirement that allows police to search a vehicle prior to impoundment. *United States v. Cartwright*, 630 F.3d 610, 613 (7th Cir. 2010) (citing *South Dakota v. Opperman*, 428 U.S. 364, 376 (1976)).

In summary, Plaintiff has not stated a claim for violations of the Fourth Amendment and his Fourth Amendment claims are dismissed.

### ii. Fourteenth Amendment

Plaintiff McCrory alleges "my constitutional rights were violated, 14th Amendment Due Process, taking my vehicle without due process." [15] at 6. The Court construes this as a procedural due process claim.

The Due Process Clause of the Fourteenth Amendment forbids a state from depriving any person of "life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. To state a procedural due process claim for violation of a property right, the plaintiff must allege he was deprived of a cognizable property interest without due process of law. *Khan v. Bland*, 630 F.3d 519, 527 (7th Cir. 2010). There is no dispute Plaintiff has a constitutionally protected property interest in his motor vehicle. *See, e.g.*, *Sutton v. City of Milwaukee*, 672 F.2d 644, 645 (7th Cir. 1982) ("Since a person's car is property, the state may not deprive him of it without due process of law; and the deprivation need not be permanent to be actionable."). The question here, then, is whether Plaintiff has sufficiently alleged that Defendants deprived him of that property interest without "constitutionally sufficient procedural protections." *Colon v. Schneider*, 899 F.2d 660, 666 (7th Cir. 1990).

Plaintiff has not stated a claim for a procedural due process violation. The basic rights guaranteed by procedural due process are notice of the intended deprivation and an opportunity to be heard, although more elaborate procedural rights such as the right to present evidence, confront witnesses, and be represented by counsel may apply in cases where vital private interests are at risk. *Simpson v. Brown Cty.*, 860 F.3d 1001, 1006 (7th Cir. 2017) (citing *Goldberg v. Kelly*, 397 U.S. 254 (1970)). Here, the Illinois code provided Plaintiff notice that his conduct was forbidden. *See Papachristou v. City of Jacksonville*, 405 U.S. 156, 162 (1972). But Plaintiff has entirely failed to develop any argument that the procedural safeguards provided (including the opportunity for judicial review) were insufficient due process protections for impoundment and any corresponding administrative penalties. According to the Notice of Vehicle Impoundment attached to the complaint, Plaintiff was entitled to contest the impoundment by attending an administrative hearing to occur within 45 days of impoundment. [15] at 20. Plaintiff does not allege any facts to allow this Court to infer he was deprived of his procedural due process rights.

Plaintiff has not stated a claim for violations of the Due Process Clause of the Fourteenth Amendment and his Fourteenth Amendment claim is dismissed.

### iii. Fifth Amendment

Plaintiff McCrory also contends Defendants violated the Takings Clause of the Fifth Amendment by impounding his car. [15] at 7. The Takings Clause provides that private property shall not "be taken for public use, without just compensation."[5] U.S.

---

[5] The Takings Clause was incorporated against the States by the Fourteenth Amendment. *Kelo v. City of New London*, 545 U.S. 469, 472 n.1 (2005).

Const. Amend. V. To state a claim for a violation of the Takings Clause, a plaintiff must allege (1) that the governmental entity 'took' his property, either through a physical taking or through unduly onerous regulations; (2) that the taking was for a public use; and (3) that, no matter what type of property was taken, the government has not paid just compensation. *Conyers v. City of Chicago*, 10 F.4th 704, 710–11 (7th Cir. 2021).

Takings claims typically arise either through the state's exercise of its police power or eminent domain. *See Hadley v. City of South Bend*, 154 F.4th 549, 554 (7th Cir. 2025). Although police power action does not preclude all takings claims, the exercise of law enforcement authority is regarded as a "classic example" of police power that does foreclose takings claims. *O'Donnell v. City of Chicago*, 163 F.4th 411, 414 (7th Cir. 2025) (citing *Hadley*, 154 F.4th at 556). Applying that principle here, immobilizing, towing, impounding, and—if necessary—eventually disposing of vehicles is an exercise of Homewood's police power to enforce traffic laws and thus is not a taking. Plaintiff does not argue in opposition. In any event, Plaintiff alleges he may still retrieve his car from impoundment and thus Defendants have not executed a permanent taking. *See* [15] at 9.

Accordingly, Plaintiff has not stated a claim for violations of the Takings Clause of the Fifth Amendment and thus his Fifth Amendment claim is dismissed.[6]

---

[6] In his opposition to the motion to dismiss, Plaintiff cites *Timbs v. Indiana*, 586 U.S. 146 (2019). *See* [25] at 2. This opinion, which addresses the Eighth Amendment Excessive Fines Clause is inapplicable here because Plaintiff did not allege an Eight Amendment violation.

## IV.    Conclusion

For the stated reasons, Defendants Village of Homewood and the Homewood Police Department's Motion to Dismiss [19] is granted. Plaintiff's claims against Defendants Village of Homewood and the Homewood Police Department are dismissed. Generally, courts dismiss claims once without prejudice and allow a Plaintiff to amend. But any amendment in this instance would be futile. *See Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (court may deny leave to file amended pleading "if amendment would be futile"). Therefore, the Court dismisses Village of Homewood and Homewood Police Department with prejudice. Judgment will enter and this will be an appealable order after the case is resolved as to Xpert Towing. Plaintiff's claims against Defendant Xpert Towing remain pending. Plaintiff's motion for default as to Xpert Towing [31] is denied as moot since Xpert Towing has filed an appearance [38].

E N T E R:

Dated: February 17, 2026

_____
MARY M. ROWLAND
United States District Judge

15