**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GLENN MCCRORY,<br><br>Plaintiff,<br><br>v.<br><br>VILLAGE OF HOMEWOOD, HOMEWOOD POLICE DEPARTMENT, and DEFENDANT URT E&R TOWING, INC. D/B/A XPERT TOWING<br><br>Defendants. | Case No. 25-cv-04428<br><br>Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

The following motions are before the Court: Defendant URT E&R Towing, Inc. d/b/a Xpert Towing's ("Xpert Towing") Motion to Dismiss Plaintiff Glenn McCrory's ("Plaintiff" or "McCrory") Amended Complaint under Rule 12(b)(6); Plaintiff McCrory's Motion for Leave to Amend the Complaint; and Plaintiff McCrory's Motion for Sanctions against attorneys Alison Harrington and Aisha D. Shotande, who represent Defendant Village of Homewood and Defendant Homewood Police Department.

For the reasons stated herein, Defendant's Motion [43] is granted; Plaintiff's motion for leave to amend the complaint [45] is denied; and Plaintiff's motion for sanctions [55] is denied.

## I. Factual and Procedural Background

The factual allegations contained in the Plaintiff's Complaint [15] are accepted

as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021). These facts were described in the Court's prior order granting dismissal to Defendants Homewood and Homewood Police Department [42].

In December 2022, Plaintiff Glenn McCrory was convicted of operating a motor vehicle while under the influence of alcohol or drugs in Indiana state court. [15] at 6.[1] On May 13, 2023, based on the Indiana conviction, the Illinois Secretary of State then revoked McCrory's driver's license. *Id.* at 21.[2] The Indiana state court granted McCrory a trial *de novo* on April 20, 2023, and all charges were dismissed on April 24, 2025. *Id.* As the original guilty verdict was not stayed by the Indiana court, and the Illinois Secretary of State did not accept a court order abstract, McCrory's Illinois driver's license was not reinstated. *Id* at 7.

Prior to the Indiana charges being dismissed, on May 7, 2024, McCrory was pulled over by officers from the Homewood Police Department, who arrested him and charged him with driving on a revoked driver's license, expired registration, and driving without valid insurance. *Id.* at 2-4. Though the charges were later dismissed without prejudice on May 29, 2025, Plaintiff's car was impounded after his arrest, to be released after a payment of $4,000. *Id.*

In the Complaint, Plaintiff alleged that Defendant Xpert Towing seized his vehicle "without due process" and without his permission. *Id.* at 9.

---

[1] The Court refers to the Bates stamp page numbering at the top of the page.

[2] Plaintiff attaches several documents from the Indiana State Court, the Illinois Secretary of State and the Homewood Police Department in support of his complaint. The Court takes judicial notice of these records. *Doherty v. City of Chi.,* 75 F.3d 318, 324 n.4 (7th Cir. 1996); *In re Salem,* 465 F.3d 767, 771 (7th Cir. 2006); Fed. R. Evid. 201(c)(1).

On February 17, 2026 this Court dismissed Defendants Village of Homewood and Homewood Police Department with prejudice. [42] at 15. McCrory moved for leave to file an amended complaint, seeking to amend the pleadings to include that his DUI conviction was expunged by the Indiana state court on June 6, 2025, to clarify and supplement his claims of due process violations and municipal liability under §1983; and to add a claim under the Eighth Amendment. [45] at 2. Defendant Village of Homewood ("Homewood") opposed this motion arguing that McCrory failed to state a claim in the first complaint, and the amended complaint added no new evidence that would change the Court's prior ruling. [50] at 2.

McCrory responded that his Illinois Driver's License was "not revoked at the time of the May 7, 2024 traffic stop" because his Indiana trial *de novo* that was ordered on April 20, 2023, stayed the Indiana conviction. [51] at 4. According to McCrory, this, combined with the Indiana court's dismissal and expungement of McCrory's charges, means that the Homewood Defendants did not have probable cause at the time of the traffic stop. [51] at 5.

On August 3, 2026, McCrory filed a motion for sanctions against Defendants' Attorneys for misleading the court, knowingly presenting false facts, thereby causing the Court to enter a "flawed" ruling which did not acknowledge the fact that the Indiana trial was stayed. [55] at 3.

## II. Standard

### A. Rule 12(b)(6) Legal Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must

provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). In addition, the Court construes the *pro se* complaint liberally, holding it to a less stringent standard than

lawyer-drafted pleadings. *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## III. Analysis

The Court begins with Defendant Xpert Towing's Rule 12(b)(6) challenges. Xpert Towing argues that McCrory (1) failed to state a claim for violations of the Fifth and Fourteenth Amendments, and (2) cannot state a claim against Xpert Towing under 42 U.S.C. §1983, as it is a private party.

### A. Fifth and Fourteenth Amendments

Plaintiff McCrory alleges that Xpert Towing seized his vehicle without due process and without his permission. [15] at 9. In its motion, Xpert Towing relies on this Court's prior order [42] finding that (1) Homewood's actions were within the scope of its police powers and therefore did not qualify as a taking, and (2) McCrory had adequate due process remedies to contest the towing of his vehicle after the towing, and therefore there was no violation of due process. McCrory responds by arguing that he "has not been found guilty of any charges in any courts, regarding the alleged DUI in Indiana or what Homewood charged the Plaintiff with." [51] at 4. As the Court found in its previous Order [42], McCrory failed to state a claim under the Takings Clause of the Fifth Amendment or the Due Process Clause of the Fourteenth Amendment. [42] at 12-14.

#### 1. Takings Clause of the Fifth Amendment

To state a claim for a violation of the Takings Clause, a plaintiff must allege (1) that the governmental entity 'took' his property, either through a physical taking or through unduly onerous regulations; (2) that the taking was for a public use; and

(3) that, no matter what type of property was taken, the government has not paid just compensation. *Conyers v. City of Chicago,* 10 F.4th 704, 710–11 (7th Cir. 2021).

Takings claims typically arise either through the state's exercise of its police power or eminent domain. *See Hadley v. City of South Bend,* 154 F.4th 549, 554 (7th Cir. 2025). Although police power action does not preclude all takings claims, the exercise of law enforcement authority is regarded as a "classic example" of police power that does foreclose takings claims. *O'Donnell v. City of Chicago,* 163 F.4th 411, 414 (7th Cir. 2025) *cert. denied sub nom. O'Donnell v. City of Chicago, Illinois,* No. 25–1098, 2026 WL 3116855 (U.S. Oct. 19, 2026) (citation omitted). Applying that principle here, immobilizing, towing, impounding, and—if necessary—eventually disposing of vehicles is an exercise of Homewood's police power to enforce traffic laws and thus is not a taking. Plaintiff does not effectively respond to this argument. Accordingly, Plaintiff has not stated a claim for violations of the Takings Clause of the Fifth Amendment and thus this claim is dismissed.

**2. Due Process claim under the Fourteenth Amendment**

Turning to McCrory's Due Process claim under the Fourteenth Amendment: to state a procedural due process claim for violation of a property right, the plaintiff must allege he was deprived of a cognizable property interest without due process of law. *Khan v. Bland,* 630 F.3d 519, 527 (7th Cir. 2010). It is not disputed that Plaintiff has a constitutionally protected property interest in his automobile. *See, e.g., Sutton v. City of Milwaukee,* 672 F.2d 644, 645 (7th Cir. 1982) ("Since a person's car is property, the state may not deprive him of it without due process of law; and the

deprivation need not be permanent to be actionable."). However, as the Court found previously, McCrory has not sufficiently alleged that Defendants deprived him of that property interest without "constitutionally sufficient procedural protections." *Colon v. Schneider,* 899 F.2d 660, 666 (7th Cir. 1990). The rights guaranteed by procedural due process are *notice* of the intended deprivation and an *opportunity* to be heard. *Simpson v. Brown Cty.,* 860 F.3d 1001, 1006 (7th Cir. 2017) (citation omitted). Here, the Illinois code gives Plaintiff notice that his conduct, driving on a revoked license, was forbidden. *See Papachristou v. City of Jacksonville,* 405 U.S. 156, 162 (1972). According to the Notice of Vehicle Impoundment attached to the complaint, Plaintiff was entitled to contest the impoundment by attending an administrative hearing within 45 days of impoundment. [15] at 20. Plaintiff does not allege any facts to allow this Court to infer he was deprived of his procedural due process rights. Plaintiff has failed to develop any argument that the procedural safeguards provided (including the opportunity for judicial review) were insufficient due process protections for impoundment and any corresponding administrative penalties.

Plaintiff's Fourteenth Amendment claim is dismissed.

### B. Xpert Towing is a private entity

Even if Plaintiff had sufficiently pled violations of the Fifth and Fourteenth Amendments, Xpert Towing is an improper defendant. Plaintiff McCrory alleged that Xpert Towing seized his vehicle without due process. [15] at 9. Xpert Towing correctly asserts that McCrory cannot state a cause of action against it because it is a private entity. [43-1] at 4. To successfully allege a constitutional claim under §1983, the

plaintiff must allege that they have been “deprived of a right secured by the Constitution or federal law, by a person acting under color of law.” *Thurman v. Vill. of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006). “A private party acts under color of law when ‘the [S]tate effectively directs or controls the actions of the private party such that the [S]tate can be held responsible for the private party's decision.... [or] the [S]tate delegates a public function to a private entity.’” *Saint Anthony Hosp. v. Whitehorn*, No. 25 C 6335, 2026 WL 473178, at *5 (N.D. Ill. Feb. 19, 2026) (citing *Camm v. Faith*, 937 F.3d 1096, 1105 (7th Cir. 2019)) (alteration in original). McCrory makes no allegations in the Complaint that Xpert Towing was acting under the direction or control of a state actor, stating only that Xpert Towing “[took]/seize[d] my vehicle without due process. Without [my] permission.” [15] at 4. Therefore, Xpert Towing is dismissed as a defendant in this case.

### C. Motion for Leave to Amend

Generally, courts dismiss claims once without prejudice and allow a Plaintiff to amend. However, a court may disallow an amendment if the amendment is futile. Under Fed. R. Civ. Pro. 15(a)(2), a party may amend its pleading more than 21 days after service with leave of the court; the court in turn should “freely give leave when justice so requires.” Even so, "the Court has “broad discretion to deny leave to amend.” *Creation Supply, Inc. v. Selective Ins. Co. of the Se.,* No. 14 C 8856, 2021 WL 12221990, at *1 (N.D. Ill. July 27, 2021) (citation omitted). The Court may deny leave to amend if it finds amendment would be futile. *Lee v. Ne. Illinois Reg'l Commuter R.R. Corp.,* 912 F.3d 1049, 1053 (7th Cir. 2019) (citation omitted). If an amendment

"reasserts a claim previously determined, merely restates the facts from the original complaint using different language, fails to state a valid theory of liability, or could not withstand a motion to dismiss," it is futile. *Always Towing & Recovery, Inc. v. City of Milwaukee*, 2 F.4th 695, 707 (7th Cir. 2021) (court may deny leave to file amended pleading "if amendment would be futile"); *Kasak v. Vill. of Bedford Park,* 552 F. Supp. 2d 787, 790 (N.D. Ill. 2008) (citing *Bower v. Jones,* 978 F.2d 1004, 1008 (7th Cir.1992)).

McCrory's Amended Complaint adds the following facts: on May 29, 2025, the charges against McCrory in the Village of Homewood were dismissed; and the charges against McCrory have been expunged. [45] at 5. Neither of these developments support a claim under 42 U.S.C. §1983 nor change the Court's prior analysis because the Homewood Defendants' conduct was constitutional *at the time they engaged in it*. The fact that McCrory was granted a dismissal of the driving under the influence charge in May of 2025 does not mean that the Homewood defendants or Xpert Towing acted in an unconstitutional manner in April 2024.

Plaintiff also seeks to amend the complaint to add an Eighth Amendment claim, and in support cites *Timbs v. Indiana,* 586 U.S. 17-1091 (2019). McCrory explains that Defendants "initiated and continued a criminal prosecution and vehicle seizures against Plaintiff without probable cause," further stating that Defendants had no "legal cause" to "seize and or sell McCrory's vehicle." [45] at 5-6.

The Eighth Amendment of the U.S. Constitution states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual

punishments inflicted." U.S. Const. amend. VIII. The Supreme Court has ruled that the Eight Amendment's prohibition on excessive fines and fees applies to the states. *Timbs v. Indiana*, 586 U.S. 146, 146, 139 S. Ct. 682, 684, 203 L. Ed. 2d 11 (2019). "To prove an eighth amendment violation, however, [a plaintiff] needs to show a gross disproportionality between the offense for which he was convicted and his entire penalty." *United States v. Vriner*, 921 F.2d 710, 713 (7th Cir. 1991) (citing *Solem v. Helm,* 463 U.S. 277, 288, 103 S.Ct. 3001, 3008, 77 L.Ed.2d 637 (1983). McCrory cannot plausibly allege that the towing of a vehicle when the driver is arrested based on probable cause that the driver is driving on a suspended license (what happened here) is a grossly disproportionate sanction between the offense and the penalty. Any further amendment to these claims would be futile.

As described here, McCrory's amended complaint largely restates claims previously dismissed by this Court, and there is no legal basis to support the claims McCrory has brought before the Court. Therefore, any amendment in this instance would be futile. Plaintiff's Motion for Leave to File Amended Complaint [45] is denied.

## IV. Conclusion

For the stated reasons, Xpert Towing's Motion to Dismiss [43] is granted. Plaintiff's claims against Xpert Towing are dismissed. The Court dismisses Xpert Towing with prejudice. Plaintiff's motion for sanctions against attorneys Aisha D. Shotande and Alison M. Harrington [55] are denied as moot. Civil case terminated. Judgment to enter.

E N T E R:

Dated: November 9, 2026

MARY M. ROWLAND
United States District Judge